IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARSHELLE S.,<br><br>             Plaintiff,<br><br>       vs.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>             Defendant. | Case No. 2:22-cv-00080-CMR<br><br>MEMORANDUM DECISION AND ORDER AFFIRMING THE COMMISSIONER'S FINAL DECISION DENYING DISABILITY BENEFITS<br><br>Magistrate Judge Cecilia M. Romero |

The parties in this case have consented to the undersigned conducting all proceedings (ECF 7). 28 U.S.C. § 636(c). Plaintiff Darshelle S. (Plaintiff), pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying her claims for supplemental security income (SSI) under Title XVI of the Social Security Act (Act). The court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(g). After careful review of the entire record and the parties' briefs, the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free from reversible error. For the reasons stated below, the court hereby AFFIRMS the decision of the Commissioner.

## I.      BACKGROUND

Plaintiff was 43 years old on her disability onset date of September 1, 2013 (Tr. 1147). Plaintiff filed her first application for SSI on April 4, 2016 (Tr. 1148), and most recently on June 7, 2019, alleging disability due to brain trauma, blind in right eye, piece of spine removed, scar

tissue from Valley Fever, [1] lump in right lung, fibromyalgia, posttraumatic stress disorder (PTSD), Stockholm Syndrome, anxiety, degenerative disc disorder, and memory loss (Tr. 1257–58). This case is on remand from the Appeals Council of an ALJ decision dated July 13, 2020 to issue a decision on Plaintiff's consolidated claims under prior rules (Tr. 1250–55)

In a decision dated March 8, 2021, the ALJ determined at step two that Plaintiff had severe impairments of discitis and osteomyelitis of thoracic spine, MRSA discitis and osteomyelitis of the lumbar spine, right eye vision loss, and asthma (Tr. 1149). The ALJ found that her diffuse atrophy and obesity were non-severe (Tr. 1150). The ALJ further found that her Valley Fever and mental impairments were not medically determinable impairments (*id.*). At step three, the ALJ considered Plaintiff's spinal impairments under Listing 1.04 and her asthma under Listing 3.03, finding the criteria not met (Tr. 1151). The ALJ also considered her obesity as an aggravating factor in considering these listings (*id.*).

The ALJ determined Plaintiff had the residual functional capacity (RFC) to perform sedentary work with additional limitations including: "She must avoid even moderate exposure to pulmonary irritants and hazards. She must avoid work requiring binocular vision or right sided peripheral vision" (*id.*). At step four, the ALJ found that Plaintiff had no past relevant work (Tr. 1159). Consistent with vocational expert testimony, the ALJ found at step five that Plaintiff could perform jobs existing in significant numbers in the national economy, including document preparer, addresser, and callout operator, all sedentary, unskilled work (Tr. 1159–60). The ALJ therefore concluded that she was not disabled and denied disability benefits (Tr. 1160).

---

[1] As noted by the Commissioner, Coccidioidomycosis—known as San Joaquin Fever or Valley Fever—is a disease caused by a fungus native to the southwestern United States and Northern Mexico involving upper respiratory tract symptoms, fever, and chills (ECF 21 at 3 n.4).

The Appeals Council then denied Plaintiff's request for review (Tr. 1134), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981; 422.210(a). This appeal followed.

## II. STANDARD OF REVIEW

The scope of the Court's review of the Commissioner's final decision is specific and narrow. As the Supreme Court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Id.* at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)). Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).

## III. DISCUSSION

### A. Plaintiff's Section Entitled "Ms. Slater's History and Medical Findings" Does Not Raise Cognizable Arguments.

Plaintiff's Opening Brief includes a section entitled "Ms. Slater's History and Medical Findings" (*see* Pl. Br. at 5–11). This section includes argumentative language and counsel's interpretation of the facts and the ALJ's findings. However, the court can discern no discrete, identifiable allegation of legal error in the "History and Medical Findings" section, and it is devoid of citation to legal authority. The court therefore deems any inadequately briefed argument in this section waived. *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party

3

forfeits an issue it does not support with 'legal authority or argument.'" (quoting *Clark v. State Farm Mut. Auto. Ins. Co.*, 319 F.3d 1234, 1244 (10th Cir. 2003))).

**B.     Plaintiff's Section Entitled "Issue Preclusion" is Without Merit.**

Though difficult to discern, Plaintiff's first argument appears to be that "legal precedent"— which Plaintiff alternatingly calls "issue preclusion" and "issue exhaustion"— restrained the ALJ when issuing the new decision (*see* Pl. Br. at 11–13). In addition to Plaintiff's conflation of terms, Plaintiff fails explain how either "issue preclusion" or "issue exhaustion" apply here. Plaintiff merely describes the "issue exhaustion" legal doctrine without tying it to any facts or argument in this case. "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." *U.S. v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990); *see also U.S. v. Codner*, 210 F.3d 390, 2000 WL 373791, at *1 & n.1 (10th Cir. 2000) ("[B]ecause Defendant's brief fails to support these three issues with pertinent authority, record citations, or reasoned arguments, we will treat them as waived.")). Because Plaintiff's arguments regarding "issue exhaustion" are thus inadequately briefed, the court deems these arguments waived and declines to consider them further. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) ("We will consider and discuss only those of [the plaintiff's] contentions that have been adequately briefed for our review.").

In any event, Plaintiff's citation to *Sims v. Apfel*, 530 U.S. 103 (2000) does not appear to be on point because it does not address issue exhaustion as to issues raised to the ALJ. In *Sims*, the Supreme Court held that issues not raised to the Appeals Council are not waived for purposes of judicial review but left open the question of whether waiver applies to issues not raised to the ALJ. *Id.* at 112 (holding that claimants who exhaust administrative remedies need not also exhaust issues in a request for review by the Appeals Council in order to preserve judicial review of those issues).

4

Similarly, Plaintiff's citation to *Carr v. Saul*, 141 S. Ct. 1352 (2021) is not factually applicable to this case. In *Carr*, the Supreme Court held that a claimant need not have raised an Appointments Clause challenge to the ALJ in order to raise it in an appeal to the district court. *Id.* at 1360–62 (declining—in the context of an Appointments Clause challenge—to impose an issue exhaustion requirement in Social Security cases). *Carr* did not hold that all issue exhaustion requirements were invalid. Regardless, the ALJ did not directly impose either "issue preclusion" or "issue exhaustion" in this case, as explained in addressing Plaintiff's second argument below.

## C. The ALJ Reasonably Assessed Plaintiff's Mental Impairments.

Plaintiff's second argument is almost entirely comprised of portions of a hearing notice sent by the ALJ and hearing testimony, which standing alone does not actually raise any cognizable arguments (*see* Pl. Br. at 13–20). Plaintiff seems to advance the argument that the ALJ erred by applying an "issue exhaustion" requirement on Plaintiff's apparent abandonment of a claim of disabling mental impairments. In other words, Plaintiff appears to argue that the ALJ "[d]isregarded [Plaintiff's] hearing testimony about her mental problems" and "[i]gnored" evidence about her mental impairment by finding that Plaintiff had impliedly abandoned a claim of disability from mental impairments (Pl. Br. at 12–13, 14–20). For the reasons stated above, Plaintiff's "issue exhaustion" argument is not directly supported by the cited case law, and as explained below, the court need not reach Plaintiff's "issue exhaustion" argument because the ALJ reasonably assessed Plaintiff's mental impairments.

Despite Plaintiff's argument to the contrary, the ALJ did not simply rely on "issue exhaustion" to "[d]isregard" Plaintiff's testimony. Rather, at step two, the ALJ directly addressed each of Plaintiff's mental impairments and explained why he found that the evidence did not show a medically determinable, severe mental impairment (Tr. 1150–52). A "severe impairment" is an

5

impairment that causes a significant limitation in one or more basic work activities. 20 C.F.R. § 416.922(a); *see also id.* § 416.922(b)(3)–(6) (listing basic mental work activities). A severe impairment must also be "medically determinable." 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.920(a)(4)(ii). An impairment is medically determinable if it results from abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 416.921. It must be established by sufficient objective medical evidence from an "acceptable medical source," such as a physician, psychologist, or psychiatrist. 20 C.F.R. § 416.921; *see also id.* § 416.902(a) (listing categories of acceptable medical sources). Medical determinability cannot be shown by the claimant's "statement of symptoms, a diagnosis, or a medical opinion." *Id.* Even if an impairment meets the "severity" and "medical determinability" requirements, it will not be considered a severe impairment unless the record evidence establishes that the impairment lasted at least 12 continuous months. 20 C.F.R. § 416.920(a)(4)(ii) (citing *id.* § 416.909).

  Here, contrary to Plaintiff's argument, the ALJ did not "[i]gnore" Plaintiff's mental impairments. The ALJ did in fact consider them and explain why he found they did not meet the medical determinability and duration requirements for a severe impairment (Tr. 1150–51). The ALJ found that personality disorder was not a severe impairment—even though it was the only definitive diagnosis stemming from Dr. Jonathan Ririe's July 2020 examination—because there was no additional longitudinal, objective medical evidence found in the record to support that diagnosis (Tr. 1150 (citing Tr. 1767)). An impairment cannot be found "medically determinable" based solely on a single diagnosis. *See* 20 C.F.R. § 416.921. It must be established through objective medical evidence showing the impairment lasted at least 12 continuous months. 20 C.F.R. § 416.920(a)(4)(ii) (citing *id.* § 416.909). Moreover, Dr. Ririe's objective mental status examination findings were essentially unremarkable: Plaintiff was fully oriented; had logical and

sequential speech and thought processes; maintained normal attention and concentration; was able to complete memory and concentration tests without error; and had normal comprehension and clear articulation (Tr. 1776). Although Dr. Ririe noted that Plaintiff was easily distracted when talking about her symptoms and her testing performance seemed to suffer from poor effort, he also noted that her effort increased as the testing went on (Tr. 1776–77). The ALJ's finding was therefore reasonable and legally supported.

The ALJ found that major depressive disorder and PTSD were not severe impairments even though they were diagnosed in March 2020 by Stephanie McDonald, LCSW (Tr. 1150 (citing Tr. 1725)). An impairment can only be deemed medically determinable by objective evidence from an acceptable medical source. 20 C.F.R. § 416.921. A licensed clinical social worker is not an acceptable medical source. 20 C.F.R. § 416.902(a).

The ALJ found that although a limited number of treatment notes contained diagnoses of generalized anxiety disorder, social phobia, and other mental impairments, those notes did not include clinical signs to support those diagnoses, as the concurrent mental status examination findings (where clinicians record mental health-related medically acceptable clinical and laboratory diagnostic techniques) were unremarkable (Tr. 1150 (citing Tr. 1665–66)). Moreover, in the same note recording various mental health diagnoses, the entire objective psychiatric assessment by Clarissa Peterson, P.A., was that Plaintiff: had good judgment and insight; had a normal mood and affect; was active and alert; was oriented to time, place and person; and had normal recent and remote memory (Tr. 1665).

Plaintiff's argument fails to rebut the ALJ's findings or point to objective medical evidence from an acceptable medical source that might undercut the ALJ's findings. Instead, Plaintiff appears to restate the contents of the hearing notice from the ALJ and the hearing transcript (*see*

Pl. Br. at 13–20). Plaintiff thus fails to point to any evidence that establishes a severe, medically determinable mental impairment that lasted for at least 12 continuous months.

The court acknowledges that the ALJ noted that Plaintiff (through her attorney) did not allege disabling mental impairments during the hearing. However, this was in addition to his earlier findings and noting the "lack of clinical signs or laboratory findings in the record to support a medically determinable mental impairment" (Tr. 1150–51). Based on counsel's representation, it was reasonable for the ALJ to note Plaintiff's omission of mental impairments from the hearing testimony list of impairments that she alleged were disabling. *Cowan v. Astrue*, 552 F.3d 1182, 1188 (10th Cir. 2008) ("[W]hen the claimant is represented by counsel at the administrative hearing, the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored." (quoting *Hawkins v. Chater*, 113 F.3d 1162, 1167–68 (10th Cir. 1997)))). Even if Plaintiff had alleged disability from a mental impairment during her hearing testimony, the remainder of the ALJ's findings show sufficient consideration of the record and regulatory requirements to support a finding of no severe impairment. Moreover, even assuming that the ALJ could not rely on "issue exhaustion" to find Plaintiff's mental impairments non-severe, Plaintiff's failure to list her mental impairments as causing significant, work-related limitations is still probative evidence on which the ALJ could rely in assessing Plaintiff's mental impairments at step two.

To the extent that Plaintiff believes that the evidence of record might be interpreted as supporting finding a severe mental impairment, her interpretation cannot displace the ALJ's reasonable findings. As the Tenth Circuit held in *Allman v. Colvin*, even if the record contains support for the notion that the claimant has extreme mental deficiencies and contains evidence that the claimant's limitations "are not that severe," the ALJ is entitled to resolve those evidentiary

conflicts, and the court may not reweigh the evidence to come to a different conclusion. 813 F.3d 1326, 1333 (10th Cir. 2016); *see also Chismarich v. Berryhill*, 888 F.3d 978, 980 (10th Cir. 2018) ("[The court's] deferential standard of review precludes [it] from labeling findings as inconsistent if they can be harmonized."). Nothing in Plaintiff's argument shows that the ALJ significantly misinterpreted or failed to consider probative medical evidence in assessing Plaintiff's mental impairments. Nor does Plaintiff show that other evidence undermines the evidence on which the ALJ relied. For these reasons, the court finds Plaintiff's arguments to be unavailing and concludes that the decision of the ALJ is supported by substantial evidence.

## IV. CONCLUSION

Because the ALJ's decision is supported by substantial evidence and free from reversible error, it is AFFIRMED. Judgment shall be entered in accordance with Fed. R. Civ. P. 58, consistent with the U.S. Supreme Court's decision in *Shalala v. Schaefer*, 509 U.S. 292, 296–304 (1993).

DATED this 24 March 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah