IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DARSHELLE S.,<br><br>Plaintiff,<br><br>vs.<br><br>FRANK J. BISIGNANO,[1]<br>Commissioner of Social Security,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART [30] PLAINTIFF'S MOTION FOR ATTORNEY'S FEES PURSUANT THE EQUAL ACCESS TO JUSTICE ACT<br><br>Case No. 2:22-cv-00080-CMR<br><br>Chief Magistrate Judge Cecilia M. Romero |

Before the court is attorney John J. Borsos's (Plaintiff's Counsel) Motion for Attorney's Fees under the Equal Access to Justice Act (EAJA) (Motion) (ECF 30). Defendant Commissioner of Social Security (Commissioner) opposes Plaintiff's Counsel's request for fees under the EAJA (ECF 32). The court also considered Plaintiff's Counsel's Reply in support of his Motion (ECF 33). For the reasons stated below, the court GRANTS IN PART the Motion.

## I. BACKGROUND

On February 8, 2022, Plaintiff, represented by Plaintiff's Counsel, initiated this matter and began her appeal of the decision of the Commissioner in this court (ECF 2). Plaintiff's briefing challenged the ALJ's treatment of the medical evidence, raised arguments concerning issue preclusion and issue exhaustion, and disputed the ALJ's evaluation of her mental impairments (*see* ECF 20, 22). After considering the parties' briefing, the court affirmed the Commissioner's

[1] Frank J. Bisignano is currently the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

decision (ECF 23). The court concluded that Plaintiff's medical-history discussion failed to identify a cognizable allegation of legal error (*id*. at 3–4), her preclusion and exhaustion arguments were inadequately developed and without merit (*id*. at 4–5), and the ALJ reasonably assessed her mental impairments (*id*. at 5–9). Throughout its decision, the court noted deficiencies in Plaintiff's briefing, including arguments that were difficult to discern and/or insufficiently developed (*see id*. at 3–5, 7–8).

After the unfavorable decision, Plaintiff, proceeding pro se, filed a notice of appeal to the Tenth Circuit (ECF 26). Before merits briefing began, the Commissioner moved to remand which the Tenth Circuit granted (ECF 29). The Commissioner explains that Plaintiff's pro se status prompted a more liberal review of the case, which led the Commissioner to conclude that remand was warranted (ECF 32 at 4–6).

On remand, the ALJ issued a favorable decision finding Plaintiff disabled (ECF 37-3).[2] Of particular relevance is the ALJ's finding that Plaintiff suffered from several severe mental impairments (namely, major depressive disorder; chronic post-traumatic stress disorder; generalized anxiety disorder; and personality disorder with borderline and histrionic features) (ECF 37-3 at 5). The inclusion of these severe mental impairments differed from the unfavorable ALJ decision which found her mental impairments were not medically determinable impairments (*see* ECF 23 at 2).

Plaintiff's Counsel now seeks attorneys' fees under EAJA (EAJA Fees) for representing Plaintiff in this court. The Commissioner opposes the request, emphasizing the deficiencies in counsel's district court briefing and Plaintiff's pro se status when she obtained remand (ECF 32). The Commissioner contends that these circumstances make an EAJA award inequitable (*id*.).

[2] Although Plaintiff's Counsel did not attach a copy of the favorable ALJ Decision to the present Motion, a copy was attached to Plaintiff's Counsel's Motion for Attorneys' Fees under 42 U.S.C. § 406(b) (ECF 37-3).

Plaintiff's Counsel maintains that fees remain warranted because his work before this court contributed to the eventual remand and award of benefits (ECF 33 at 9). In particular, Plaintiff's Counsel argues that Plaintiff "made no arguments other than those made by her attorney in district court. The government [,] it focused instead on criticizing Plaintiff's pleading irregularities until faced with the Tenth Circuit appeal. Then the government without telling anyone saw what it viewed and thought the Tenth Circuit would see, asked for remand" (*id.*). Plaintiff's Counsel therefore disputes the Commissioner's argument that the deficiencies in his briefing and Plaintiff's subsequent pro se status justify denying fees (*id.*).

## II. LEGAL STANDARD

On a timely application, the court must award to a prevailing party reasonable attorney's fees unless the Commissioner's position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A)–(B). *Hackett v. Barnhart*, 475 F.3d 1166, 1172–74 (10th Cir. 2007). The Commissioner bears the burden of establishing substantial justification. *Id.* at 1169 (citing *Scarborough v. Principi*, 541 U.S. 401, 414 (2004)). In deciding whether the Commissioner has met that burden, the court considers both the underlying agency action and the Commissioner's position in litigation and asks whether the government's position had a reasonable basis in law and fact. *Id.* at 1174.

Even if the Commissioner fails to carry that burden, the court may deny fees if special circumstances make an award of fees unjust. 28 U.S.C. § 2412(d)(1)(A)–(B). When considering whether special circumstances make an award unjust, courts apply traditional equitable principles *Oguachuba v. I.N.S.*, 706 F.2d 93, 98 (2d Cir. 1983) ("the EAJA thus explicitly directs a court to apply traditional equitable principles")). "In a similar vein, one court has found that an award should be reduced to reflect the plaintiff's reduced contribution to his or her ultimate victory."

*Walker v. Berryhill*, No. CIV-15-1353-R, 2017 WL 782921, at *1 (W.D. Okla. Feb. 28, 2017) (citing *Firstland Intern, Inc. v. INS*, 264 F. App'x. 22, 25 (2d Cir. 2008).

## III. DISCUSSION

### A. EAJA Award

As a preliminary matter, no party contests that Plaintiff is the prevailing party, nor the timeliness of the Motion. The court therefore finds both requirements satisfied.

As Plaintiff's Counsel observes, the Commissioner's opposition focuses on whether special circumstances make an EAJA award unjust, leaving aside the question of substantial justification (ECF 33 at 1). Rather than argue that its position was substantially justified, the Commissioner points to deficiencies in counsel's district court briefing and to the court's own observations about the difficulty of following counsel's arguments (ECF 32 at 2). In the Commissioner's view, those deficiencies warrant denying fees in full under the special circumstances exception (*id.*).

In deciding whether deficient representation makes an EAJA award unjust, courts have considered whether counsel identified and developed the issue warranting remand. In *Walker v. Berryhill*, counsel challenged a discrepancy between the claimant's reaching limitation and the vocational evidence. No. CIV-15-1353-R, 2017 WL 782921, at *1–2 (W.D. Okla. Feb. 28, 2017). Although the court identified the more specific error of substituting lifting for reaching in the ALJ's hypothetical, because counsel's argument encompassed that error, the court awarded fees in full. *Id.*

In *D.C. v. Kijakazi*, by contrast, counsel challenged the ALJ's evaluation of the claimant's symptoms but left the court to identify the specific testimony that supported the challenge. No. 21-cv-00380-NYW, 2023 WL 3321380, at *6–7 (D. Colo. May 9, 2023). The court found that special

circumstances made an award unjust, specifically stating that it did not agree "with Plaintiff's statement that the sufficiency of her argument 'guided the Court' to conclude that remand was warranted." *Id.* at *7.

These decisions illustrate the relevance of counsel's contribution to the equitable inquiry. Counsel need not articulate the precise reasoning ultimately adopted by the court, but the extent to which counsel identified and developed the issue warranting remand is an important factor when determining whether an award would be unjust. Here, however, applying this consideration is difficult.

Review of the appellate docket reflects that the Commissioner sought and obtained remand before any merits briefing was submitted to the Tenth Circuit. *See Slater v. Commissioner, SSA*, No. 23-4060 (10th Cir. June 15, 26, and 28, 2023). Moreover, the Commissioner has not identified the specific error that prompted the remand request. The Commissioner explains only that Plaintiff's pro se status prompted renewed review under a more liberal standard, which led to the determination that remand was warranted (ECF 32 at 4–5). This explanation describes *why* the Commissioner revisited the case but does not make clear *which* aspect of the ALJ's decision required further consideration. Unlike in *Walker* and *D.C.*, the court lacks an identified basis for the remand.

The favorable ALJ Decision (ECF 37-3) nevertheless confirms that the agency reconsidered an issue counsel had raised. On remand, the ALJ found several severe mental impairments: major depressive disorder, chronic post-traumatic stress disorder, generalized anxiety disorder, and personality disorder with borderline and histrionic features (*id.* at 2). Whereas the earlier decision treated Plaintiff's mental impairments as not medically determinable (*see* ECF 23 at 2). In light of the favorable ALJ Decision, the court cannot disregard the fact that

Plaintiff's Counsel specifically challenged the failure to recognize a severe mental impairment or account for its effect on Plaintiff's ability to work, citing her anxiety treatment and various assessments (ECF 19 at 2, 23–25 & n.99). Despite the briefing's deficiencies, the court understood that challenge and rejected it on the merits (ECF 23 at 5–9).

Plaintiff's subsequent pro se status does not justify disregarding Plaintiff's Counsel's work entirely. The Commissioner explains that Plaintiff's pro se status prompted renewed review of the case. But the circumstance prompting that review does not establish that Plaintiff's Counsel's earlier arguments contributed nothing to the remand. Plaintiff's Counsel's arguments were already before the Commissioner, and no appellate merits briefing was filed before the Commissioner sought and obtained remand. These circumstances weigh against denying all compensation for Plaintiff's Counsel's district court work.

Bearing all this in mind, a reduction is nevertheless appropriate given that portions of the briefing were insufficiently developed (ECF 23 at 3–5). Those deficiencies diminished the briefing's usefulness and warrant an adjustment to the amount awarded. Accordingly, the court finds that Plaintiff is entitled to EAJA fees, subject to a reduction reflecting those deficiencies. *See Commissioner, INS v. Jean*, 496 U.S. 154, 161 (1990) (recognizing the court's discretion to determine a reasonable fee once eligibility is established).

**B. Reduction of Fees**

In determining the appropriate reduction, the court considers the billing entries attached to the Motion (ECF 30-5 at 1-5). The entries dated June 21 through June 27, 2022, concern drafting, revising, and finalizing Plaintiff's opening brief, except for the separate June 22 entry concerning scanning the order at ECF 18 (*see* ECF 30-5 at 2). Of these briefing entries, the court allows compensation for the two hours billed on June 22 and the one hour billed on June 23 because these

entries pertain to developing the sufficiency of the ALJ's consideration of Plaintiff's mental limitations (*id.*). The June 22 entry describes developing an argument concerning the ALJ's failure to consider evidence of Plaintiff's mental impairments, and the June 23 entry describes expanding the discussion of omitted medical considerations (*id.*). Together, these entries reflect three billed hours devoted to developing the challenge to Plaintiff's mental impairments discussed above, totaling $713.66 (*id.*).

However, in light of the briefing deficiencies previously identified, the court disallows the remaining charges associated with preparing the opening brief:

| | |
|---|---|
| June 21, 2022 | $237.89 |
| June 24, 2022 | $237.89 |
| June 25, 2022 | $713.66 |
| June 26, 2022 | $237.89 |
| June 27, 2022 | $126.40 |
| **Total reduction** | **$1,553.73** |

(*id.*). This reduction accounts for the deficient briefing while preserving compensation for Plaintiff's Counsel's work developing the mental-impairment argument and otherwise bringing Plaintiff's successful claim before the court. Therefore, the court reduces the requested EAJA fee of $9,193 by $1,553.73, resulting in an award of $7,639.27.

## IV. CONCLUSION AND ORDER

For the above-stated reasons, the court **GRANTS IN PART** Plaintiff's Motion (ECF 30). **IT IS HEREBY ORDERED** that Plaintiff be awarded attorney fees pursuant to the EAJA in the amount of $7,639.27. It is further ordered that if, after receiving the court's EAJA fee order, the Commissioner (1) determines upon effectuation of the court's EAJA fee order that Plaintiff does

not owe a debt that is subject to offset under the Treasury Offset Program, and (2) agrees to waive the requirements of the Anti-Assignment Act, the fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's attorney.

DATED this 17 November 2026.

Cecilia M. Romero

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah